UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

     v.                                         Criminal No. 06-cr-117-01-SM
                                                    Opinion No. 2008 DNH 035
<u>Steven Huard</u>

**O R D E R**

Defendant, Steven Huard, was convicted after a jury trial of three criminal offenses:  conspiracy to rob the Bellwether Credit Union in Manchester, New Hampshire (18. U.S.C. §§ 371 and 2113); robbery of the credit union (18 U.S.C. §§ 2113); and using a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)).  Defendant has moved for a new trial on grounds that his defense counsel provided ineffective assistance when he failed to move to suppress evidence, i.e., a .45 caliber Ruger handgun which was seized by police from his home during the course of his arrest.

The issues defendant raises relate to the scope of permissible searches incident to arrest.  In general, defendant says that police officers in hot pursuit, who followed him into his home to effect an arrest, an arrest which defendant physically resisted, were not authorized to reenter his home after he had been subdued, removed and secured in a police car.

An arresting officer reentered the basement of the home
(defendant was seen diving through a basement window and was
followed) to recover his hat, which had been knocked off during
the struggle.  When the officer recovered his hat he saw a
handgun on the floor near a tarp.  The officer stated that,
during the struggle, the defendant was taking something from his
front jacket area and trying to hide it under the plastic tarp.
Concluding that the handgun was the object defendant was trying
to hide, he seized it.  The handgun was admitted into evidence at
his trial without objection (the credit union robber held a
handgun resembling the one seized).

     Defendant seeks a new trial on grounds that:

     Despite the obvious Fourth Amendment implications of
     the two warrantless entries and search of [defendant's]
     home, and the prominent role of the seized handgun in
     the prosecution's case, [defendant's] trial attorney
     . . . did not move to suppress the handgun.

Defendant's Motion For New Trial (document no. 67, p. 4).

                        **Discussion**

     While defendant and the government extensively and capably
brief the merits of the ineffective assistance and underlying
search issues, neither party addresses a fundamental, and

2

dispositive, problem.  The motion for new trial is untimely, and the court is, therefore, without jurisdiction to consider it.

The guilty verdicts in this case were returned by the jury on October 5, 2006.  The motion for new trial was not filed until May 17, 2007, after a number of continuances were granted to permit counsel to obtain transcripts of defendant's trial (and a related trial) to better prepare for sentencing.  Federal Rule of Criminal Procedure 33 provides, with clarity, that a motion for new trial based upon grounds other than newly discovered evidence, "must be filed within 7 days after the verdict or finding of guilty."  Fed. R. Cr. P. 33(b)(2).

Under applicable circuit precedent, which is also quite clear, facts known at trial that give rise to ineffective assistance claims are not "newly discovered evidence," within the meaning of Rule 33, even if the defendant or counsel did not appreciate their legal significance at the time.  United States v. Osorio–Pena, 247 F.3d 14, 19 (1st Cir. 2001) (citations omitted); United States v. Lema, 909 F.2d 561, 566 (1st Cir. 1990).  Accordingly, because defendant's motion for new trial is not based upon newly discovered evidence, but on a claim of ineffective assistance, it had to be filed within 7 days after the verdicts were returned.  The 7 day period is jurisdictional.

3

Lema, supra at 568 ("We hold merely that the defendant has not
properly raised these issues in a timely motion for new trial and
that the district court was therefore without jurisdiction to
grant a new trial on that basis"); United States v. Fontanez, 628
F.2d 687 (1st Cir. 1980).

The docket does disclose that on October 13, 2006, defendant
filed a pro se motion to appoint new counsel on various grounds,
including that he thought his trial counsel had provided
ineffective assistance, an issue which he intended to raise on
direct appeal:

> Furthermore, the Defendant believes that "exceptional
> circumstances" exist that would warrant an
> [i]neffective [a]ssistance of [c]ounsel claim being
> raised on [d]irect [a]ppeal.  See United States v.
> Benjamin, 252 F.3d 1, 12 (1st Cir. 2001).  Therefore,
> it is necessary that new counsel be appointed to
> represent him during the imminent sentencing
> proceedings, as well as the [d]irect [a]ppeal.
>
> WHEREFORE, the Defendant respectfully request[s] that
> this Honorable Court:
>
>> 1.    Appoint new [c]ounsel to represent the
>>       Defendant; or . . .
>>
>> 2.    Schedule a prompt Hearing to discuss the
>>       [m]erits herein.

Defendant's Emergency Motion to Appoint New Counsel (document no.
42, p. 3).

4

That motion was granted on October 16, 2006, and new counsel was appointed on October 23, 2006.  As noted, the scheduled sentencing was continued to permit newly appointed counsel to obtain trial transcripts and to prepare, and nothing was filed suggesting that the pro se motion for new counsel was intended as a motion for new trial.  Defendant's motion for new trial, now pending, was not filed until some six months later, on May 5, 2007, which obviously is well beyond the applicable limitations period.

The court has considered whether defendant's pro se motion for new counsel might be construed as a motion for new trial, but that stretch is too much.  Construing Rule 33 in a way that treated any pleading that mentioned grounds that might also support a motion for new trial as if it were a motion for new trial would undermine the plain language used to set a firm time limit.  The motion for new counsel was specific in its request for relief, made clear defendant's intent to proceed with sentencing and to raise the ineffective assistance of counsel and other claims on direct appeal, and did not seek a new trial. Although counsel representing defendant during the 7 day period after the verdicts were returned could have filed a new trial motion, and, could have advised defendant to file a pro se motion for new trial based upon defendant's ineffective assistance

claim, it simply was not done.  It would be inappropriate to now look back and construe the motion for new counsel as one for a new trial.  Nor is there any compelling reason to do so as defendant can still effectively assert his ineffective assistance claim either on direct review or in a collateral proceeding under 28 U.S.C. § 2255.  If successful, the result would be the same — a new trial.

Defendant's remedy, if any, on his claims of ineffective assistance (including any claim that counsel was ineffective in not filing a timely motion for new trial, or in not properly advising defendant about the time limitation) lies on direct review,[1] or on collateral review pursuant to a motion for relief under 28 U.S.C. § 2255[2].  United States v. Glenn, 389 F.3d 283 (1st Cir. 2004).

---

[1] It is almost a universal rule that ineffective assistance of counsel claims cannot be raised for the first time on direct review because, invariably, a factual record must be fully developed. See United States v. Theodore, 354 F.3d 1 (1st Cir. 2003).  Exceptions are made on occasion, however, if the court of appeals concludes that the record on appeal is sufficiently developed to warrant consideration of the issue.  Id.

[2] The court will not construe the motion for new trial as one for relief under 28 U.S.C. § 2255 because it was plainly not intended as such, and to do so would severely restrict the issues that might be raised in the future, given the limitations under that section on second or successive petitions.

**SO ORDERED.**

_Steven J. McAuliffe_
Steven J. McAuliffe
Chief Judge

February 12, 2008

cc:  Terry L. Ollila, Esq.
     David A. Vicinanzo, Esq.
     Joshua H. Orr, Esq.
     David W. Ruoff, Esq.