```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                          Case No. 06-cr-117-SM-1
                                                    Opinion No. 2025 DNH 106

Steve Huard

**ORDER**

Defendant seeks early compassionate release from his 360-month sentence. 18 U.S.C. § 3582(c)(1)(A). The government concedes that defendant's current "medical conditions in combination with his age and assaults he has experienced while in custody create extraordinary and compelling reasons for [early] release." Defendant suffers from debilitating and potentially fatal medical conditions (AIDS; COPD; severe back pain) requiring him to use a walker, have a continuous source of supplemental oxygen, and obtain assistance from others with regard to the normal activities of daily life. He is not expected to recover.

The government opposes the motion, however, on grounds that the sentencing factors described in 18 U.S.C. § 3553(a) counsel against early compassionate release. The court disagrees. While the government correctly notes the severity of defendant's violent offenses, and his abysmal prison record during much of his period of incarceration, it is plain from the pleadings

1

filed; conference discussions with counsel; and supplemental declarations filed at the court's request, that defendant's medical conditions are severe, fatal, debilitating, degenerative and permanent. (Dr. Arthur declaration). His fragile medical conditions render him no significant risk to the physical safety of the public or those attending to his needs or residing in close proximity to him. Those same conditions also put him at heightened risk with regard to his declining health as well as pose an increased risk of serious injury in the prison setting. It ought to be noted as well that defendant's prison deportment has apparently improved quite significantly over the past 15 years or so, earning support for his motion from senior prison authorities.

It also appears that the residential facility to which defendant will be admitted (Amity Foundation) is committed to and capable of meeting his substantial medical needs and daily assistance requirements, while also ensuring the safety of the public and those attending to him or residing in proximity to him.

## Conclusion

For the reasons given above, and those argued by counsel in support of the motion, which are adopted by the court, the motion is granted (doc. no. 152). Defendant has shown extraordinary and compelling reasons that warrant a sentence

reduction. The sentencing factors set out in 18 U.S.C. § 3553(a) have been carefully considered and do not weigh against the motion sufficiently to deny it. Defendant's conditions are sufficiently debilitating that he does not pose a danger to the safety of any other person or the community, particularly given his physical weakness and the daily supervision he requires in a controlled environment, and a sentence reduction is consistent with Sentencing Commission policies.

Accordingly, defendant's sentence to imprisonment is reduced to time-served as of September 12, 2025. Defendant shall be placed on supervised release under the standard conditions adopted by this court for life. Any change in residence from the Amity Foundation facility must be preapproved by defendant's probation officer.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 8, 2025

cc: Counsel of Record
    U.S. Probation
    U.S. Marshal